IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| DUKE UNIVERSITY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>) Civil Case No.: **23cv744** |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., *et al.,* | )<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant National Union Fire Insurance Company of Pittsburgh, Pa., with the consent of Defendant Ironshore Specialty Insurance Company, hereby removes this action currently pending in the General Court of Justice, Superior Court Division, Wake County, North Carolina, Case No.: 23CV034408-910 to the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## BACKGROUND

1. On December 1, 2023, Plaintiff Duke University ("Duke") filed a Complaint in the General Court of Justice, Superior Court Division, Wake County, North Carolina naming National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and Ironshore Specialty Insurance Company ("Ironshore" and, collectively, "Insurers") as Defendants. The proceedings before North Carolina's General Court of Justice are hereinafter referred to as the "State Court Action."

2. In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of the state court file, which includes the process and pleadings filed in the State Court Action, is attached to this Notice of Removal as "Exhibits 1 to 6."

3. Broadly, Duke's Complaint alleges that the Insurers each breached purported obligations to indemnify Duke for certain litigation costs and a potential settlement related to an antitrust matter pending in the United States District Court for the Northern District of Illinois ("Antitrust Action") pursuant to insurance policies ("Policy") executed between Duke and each Insurer. Compl. ¶ 1.

4. The Complaint's first Count seeks a declaratory judgment against each Insurer pursuant to North Carolina General Statutes (N.C.G.S.) §§ 1-253 and 1-254, *et seq.*, stating that each Insurer is contractually obligated to indemnify Duke for certain defense and settlement costs related to the Antitrust Action. Compl. ¶¶ 61-77.

5. The Complaint's second Count asserts a breach-of-contract claim against National Union, alleging that National Union in fact breached or anticipatorily breached the Policy executed with Duke by failing to indemnify Duke for certain defense and settlement costs related to the Antitrust Action. Compl. ¶¶ 78-91.

6. The Complaint's third Count asserts a claim of unfair and deceptive trade practices against National Union pursuant to N.C.G.S. § 75-1.1. Compl. ¶ 92. Duke claims that National Union made certain misleading statements relating to coverage that constitute "wrongful acts" in violation of obligations set by North Carolina law. *Id.* ¶ 99. Pursuant to N.C.G.S. § 75-16, Duke seeks treble damages for these purported wrongful acts. *Id.* ¶ 101.

## REMOVAL IS TIMELY AND VENUE IS PROPER IN THIS DISTRICT

7. Plaintiff's Complaint was filed on December 1, 2023. According to affidavits of service filed in the State Court Action, Insurers were each served on December 1, 2023. Accordingly, this Notice of Removal is timely filed within the thirty-day time frame provided by 28 U.S.C. § 1446(b).

8. The Eastern District of North Carolina is the federal district embracing Wake County, North Carolina, where the State Court Action was originally filed. 28 U.S.C. § 113(a). Thus, venue is proper in this District. *See* 28 U.S.C. § 1441(a).

## THE AMOUNT IN CONTROVERSY IS SATISFIED

9. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This action may be removed pursuant to 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. As noted, in Count I of its Complaint, Duke seeks declaratory relief. Where a plaintiff seeks declaratory relief in an insurance dispute, the amount in controversy for the purposes of diversity jurisdiction on removal is determined by the value of the coverage sought. *N.C. Ins. Guaranty Assoc. v. Wesco Ins. Co.*, 518 F. Supp. 3d 876, 879 (E.D.N.C. 2021); *see also JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (accounting for injunctive relief is measure of damages). The coverage sought here amounts to well over a million dollars. *See* Compl. ¶ 4 (characterizing the settlement for which Duke seeks coverage as "in excess of upper limits of National Union's policy"), ¶ 15 (alleging National Union's policy provides "an applicable limit of $10 million").

11. Although Insurers deny that Duke is entitled to recover any amount on any of the Counts alleged in the Complaint and deny that Duke is entitled to any of the relief sought, the pecuniary value of the requested declaratory relief and of the damages sought exceeds $75,000, satisfying 28 U.S.C. § 1441.

## DIVERSITY OF CITIZENSHIP EXISTS AS TO THE PARTIES

12. Pursuant to 28 U.S.C. §§ 1332, 1441, all adversarial parties to this action are citizens of different states, and none of the defendants are citizens of North Carolina.

13. Duke alleges that it is a corporation organized under the laws of North Carolina and has its principal place of business located in North Carolina. *See* Compl. ¶ 7. Duke is therefore a citizen of this state. *See* 28 U.S.C. § 1332(c)(1) (explaining that, for diversity-jurisdiction purposes, a corporation is deemed to be a citizen of the state of its incorporation and the state in which it maintains its principal place of business).

14. Duke's Complaint itself recognizes that neither Insurer is a resident of North Carolina. *See* Compl. ¶¶ 8-9.

15. National Union is and was a corporation organized outside the state of North Carolina that has and had its principal place of business outside the state of North Carolina. Indeed, National Union is organized under the laws of Pennsylvania with its principal place of business in New York. *See* Compl. ¶ 8.

16. Ironshore is and was a company organized outside the state of North Carolina and has and had its principal place of business outside the state of North Carolina. Indeed, upon information and belief, Ironshore is organized under the laws of Arizona with its principal place of business in Massachusetts. *See* Compl. ¶ 9.

17. A corporation is a citizen of every state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, neither National Union nor Ironshore are citizens of North Carolina.

**DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL**

18. In accordance with 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to all other parties, and a true and correct copy of the Notice of Removal is being filed with the Clerk of Superior Court for Wake County, North Carolina.

19. All defendants who have been served must consent to removal. *See Mayo v. Bd. of Educ. of Prince George's County*, 713 F.3d 735, 741 (4th Cir. 2013). Counsel for Ironshore have represented to the undersigned that Ironshore consents to removal, providing the requisite consent for removal. *See id.*

20. Pursuant to 28 U.S.C. § 1446(a), National Union attaches as "Exhibits 1 to 6" all process, pleadings, and orders served upon them or of which they are aware.

21. National Union and Ironshore reserve the right to amend or supplement this Notice of Removal and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure 12. By filing this Notice of Removal, neither Insurer waives any jurisdictional or other defenses that might be available to it.

22. Should any question arise as to the propriety of the removal of this matter, National Union and Ironshore respectfully request an opportunity to conduct appropriate discovery and/or to provide briefing and oral argument as to why removal is proper.

WHEREFORE, National Union, with Ironshore's consent, respectfully requests that the State Court Action be removed from the General Court of Justice, Superior Court Division, Wake County, North Carolina to the United States District Court for the Eastern District of North Carolina, in accordance with 28 U.S.C. § 1441, and for such further legal, equitable, or other relief that the Court deems just and proper.

Respectfully submitted this 29th day of December, 2023.

                                         SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLC

                                         */s/ Michael W. Mitchell*
Michael W. Mitchell
N.C. Bar No. 16750
P.O. Box 2611
Raleigh, NC 27602-2611
919.821.1220
Fax: 919-821-6800
mmitchell@smithlaw.com


*/s/ Scott B. Schreiber*
Scott B. Schreiber*
Arthur Luk*
Samuel D. Kleinman*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Scott.Schreiber@arnoldporter.com
(202) 942-5000

*Notices of Special Appearance forthcoming pursuant to LCvR 83.1(e)

*Counsel for National Union Fire Insurance Company of Pittsburgh, Pa.*

# **CERTIFICATE OF SERVICE**

I certify that on the 29th day of December, 2023, the foregoing Notice of Removal was served via email on counsel for Plaintiff Duke University and Defendant Ironshore Specialty Insurance Company.

| | |
|---|---|
| Richard C. Worf, Jr.<br>Robinson, Bradshaw & Hinson, PA<br>101 N. Tryon Street, Suite 1900<br>Charlotte, NC 28246<br>rworf@robinsonbradshaw.com<br><br>Mitchell F. Dolin<br>Jad H. Khazem<br>Covington & Burling LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>mdolin@cov.com<br>jkhazem@cov.com<br><br>*Attorneys for Plaintiff* | Christopher J. Blake<br>Nelson Mullins<br>301 Hillsborough Street, Suite 1400<br>Raleigh, NC 27603<br>Chris.blake@nelsonmullins.com<br><br>*Counsel for Ironshore Specialty Insurance Company* |

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, LLC


 */s/ Michael W. Mitchell*
Michael W. Mitchell